UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES R. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:15-cv-01363-RLY-DKL |
| | ) | |
| NATIONSTAR MORTGAGE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON PLAINTIFF'S MOTION TO JOIN A. J. LOLL AS A PARTY
DEFENDANT and PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT**

Plaintiff, James R. Turner, moves to join A. J. Loll as a party defendant with

regard to Count I of his First Amended Complaint ("FAC") and seeks leave to file a

Second Amended Complaint ("SAC").  For the reasons explained below, both motions

are **DENIED**.

**I.      Background**

On January 5, 2010, Nationstar Mortgage, LLC, filed a Foreclosure Action against

Plaintiff.  On October 9, 2012, Plaintiff filed an Amended Counterclaim, alleging

Nationstar (formerly "Centex") violated the Indiana Home Loan Practices Act

("IHLPA") during the loan's origination.  On October 12, 2012, the parties met for a

formal and confidential mediation of the Foreclosure Action, in an attempt to settle the

Foreclosure Action and the Counterclaim.  Mr. Loll appeared on behalf of Nationstar.  As

a result of the mediation, the parties executed a Settlement Agreement.  After three years

1

litigating Nationstar's motion to enforce the Settlement Agreement, on January 22, 2015,

the Monroe Circuit Court entered its Judgment of Foreclosure resolving the Foreclosure

Action in Nationstar's favor and dismissing the Counterclaim with prejudice.

In Count I, Plaintiff alleges that Mr. Loll failed to disclose during the mediation

that Nationstar was merely the servicer, and not the owner, of Plaintiff's mortgage.

(Filing No. 10, FAC ¶ 80).   He alleges Nationstar and Mr. Loll committed a deceptive

act in violation of the IHLPA, Ind. Code § 24-9-3-7(c)(3), "by allowing [him] to continue

under the false belief that Nationstar owned the Mortgage loan such that Plaintiff

believed he was bargaining with the owner of the Mortgage loan when he agreed to

exchange his counterclaim against Nationstar for a loan modification." (*Id.* ¶ 82).

Following a January 2016 agreed modification of the subject loan, the foreclosure

judgment was vacated and dismissed on May 26, 2016.

On July 27, 2016, Plaintiff filed both the Motion to Join A.J. Loll as a Party

Defendant and the Motion for Leave to File Second Amended Complaint.  Plaintiff seeks

leave to amend the FAC to add Mr. Loll as a defendant, to "update[] certain allegations

regarding the status of the state court judgment of foreclosure and [to] explain[] A. J.

Loll's role in the commission of the deceptive act under the IHLPA."  (Filing No. 54,

Motion for Leave at 1).

## II.   Discussion

### A.   Motion to Join

Motions to join under Fed. R. Civ. P. 20 are permissive and vest discretion in the

district court.  *Intercon Research Assoc. v. Dresser Indus.,* 696 F.2d 53, 56 (7th Cir.

2

1982).  A party seeking joinder must satisfy two requirements: "(1) a right to relief must be asserted by the plaintiff against each defendant relating to or arising out of the same transaction or series of transactions; and (2) some common question of law or fact must be present with respect to all parties in the action (i.e. a common thread)." *Id.* at 57. In addition to the threshold, two-prong, test of Rule 20(a), "'a trial court must also examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.'" *Id.* at 58 (quoting *Desert Empire Bank v. Ins. Co. of N. Am.,* 623 F.2d 1371, 1375 (9th Cir. 1980)).  "In summary, Rule 20(a) was designed to allow a plaintiff to join only those parties against whom the plaintiff has a legitimate claim." *Id.*

Plaintiff fails to allege facts in his Proposed SAC that could be construed as a claim for recovery against Mr. Loll individually.  Indeed, he alleges that Mr. Loll appeared at the confidential 2012 mediation "while acting on behalf of Nationstar and within the scope of his employment."  (Filing No. 54-1, Proposed SAC ¶ 24.1).  As such, he cannot be personally liable to Plaintiff.  *Pazimino v. Bose McKinney & Evans, LLP*, 989 N.E.2d 784, 790 (Ind. Ct. App. 2013) (holding an LLC is legally responsible for the acts of its agent working within the scope of his employment).  Therefore, Plaintiff's Motion to Join A. J. Lott as a Party Defendant (Filing No. 53) is **DENIED**.

**B.      Motion for Leave to File Second Amended Complaint**

"By its terms, Rule 15(a) gives discretion to the district court in deciding whether to grant a motion to amend a pleading to add a party or claim."  *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 553 (2010).  After a party amends a pleading once "as a

matter of course," the party may amend the pleading only with the opposing party's

consent or with leave of court, which should be given "when justice so requires." *Id.*

(citing Fed. R. Civ. P. 15(a)(1)-(2)). Nevertheless, the court may deny leave to amend

"where there is undue delay, bad faith, dilatory motive, repeated failure to cure

deficiencies, undue prejudice to the defendants, or where the amendment would be

futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

Here, an amendment to add Mr. Loll as a party defendant would be futile for the

reasons explained above. Moreover, additional allegations concerning Mr. Loll's role in

the deception do not add any necessary information. For example, the Proposed SAC

alleges that Mr. Loll and Nationstar's attorney, Brian Jones, attended the mediation, and

failed to disclose that the mortgage loan had been sold. (*See* SAC ¶¶ 35.1, 35.2). But the

FAC includes those allegations:

- "During the mediation, A. J. Loll did not disclose to Plaintiff that Nationstar was
  only the servicer of the Mortgage loan." (FAC ¶ 80; *see also* SAC ¶ 80).

- "Nationstar, by its attorneys and employees, knowingly and intentionally
  misrepresented the fact that Centex/Nationstar had sold the Mortgage loan to the
  Trust years before the Nationstar Foreclosure case was initiated." (*See id.* ¶ 84).

The allegations regarding the status of the Foreclosure Action are not necessary either.

(*See* SAC ¶¶ 59.1-59.7). The facts regarding the Foreclosure Action—including the

order vacating the Foreclosure Judgment—are included in the parties' summary judgment

submissions. (*See* Filing No. 23, Defendant's Statement of Facts ## 30-36; Filing No.

29, Plaintiff's Statement of Facts ## 35-47). Therefore, the court **DENIES** Plaintiff's

Motion for Leave to File Second Amended Complaint (Filing No. 54).

**SO ORDERED** this 14th day of November 2016.

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.